OPINION
Defendant-appellant, Donald Preston, appeals his conviction in the Butler County Court of Common Pleas for assault in violation of R.C. 2903.13(A). For the reasons that follow, we affirm the trial court's decision.
Appellant owns an eighty-acre farm that contains a creek. On June 26, 1998, appellant was walking about his property picking up trash when he encountered Tim Wiesman and Terry Strunk. Wiesman and Strunk were both fourteen years old. Wiesman and his family are appellant's neighbors.
Wiesman and Strunk were fishing in the creek on appellant's property sitting on the exposed roots of a large tree. When appellant discovered Wiesman and Strunk on his property, he ordered them to leave. The boys left but returned shortly thereafter and resumed fishing. Later that day, appellant noticed Wiesman and Strunk had returned to his property. He again ordered them to leave his property or "he would do something about it." Wiesman became indignant and retorted he "didn't have to leave" because appellant "did not own the creek."
Appellant, Wiesman, and Strunk disagree as to what happened next. Wiesman testified that appellant picked him up by the neck and ribcage, and threw him from the tree roots into the creek. According to Wiesman, he landed in about six feet of water where he sustained cuts on his legs after getting tangled in some barbed wire submerged in the creek. In addition, Wiesman stated that a fishing hook cut one of his hands. Wiesman testified that appellant then picked up the raw bacon that the boys were using for bait and threw it at Wiesman, hitting him in the face. Following the altercation, Wiesman left appellant's property and returned home. Wiesman told his father about the incident and later filed a complaint with the police.
Strunk testified that appellant threw the bacon in Wiesman's face prior to pushing him into the creek. He also testified appellant grabbed Wiesman by either the neck or the ribcage and threw him into the water. According to Strunk, Wiesman emerged from the creek with scratches on his hands and feet.
Appellant testified that he put his hand on Wiesman's shoulder in order to lead him from the property when Wiesman fell into the creek. Appellant stated he did not intend for Wiesman to fall into the water. Appellant admitted tossing the bacon at Wiesman, indicating that it was his intent for Wiesman to take it with him from the property. According to appellant, he had told Wiesman to stay off his property several times before the incident on June 26, 1998.
Appellant was charged with assault in violation of R.C.2903.13(A). Appellant entered a plea of not guilty. The case was tried to the bench on September 18, 1999. By entry filed on January 4, 1999, appellant was found guilty as charged. Appellant appeals, raising the following assignment of error:
 APPELLANT'S CONVICTION FOR ASSAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
Appellant appears to make two distinct arguments under his sole assignment of error. Appellant first argues that his conviction for assault is against the manifest weight of the evidence. He also argues that there was insufficient evidence to support his conviction. We will address each argument in turn.
A reviewing court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eskridge (1988), 38 Ohio St.3d 56, 59; City of Middletown v.Ramsey (Sept. 19, 1988), Butler App. No. CA87-11-149, unreported. The standard for reversal for manifest weight of the evidence has been summarized as follows:
The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2903.13(A) provides that no person shall "knowingly cause or attempt to cause physical harm to another * * *." R.C.2901.01(A) (3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." (Emphasis added.)
In this case, Wiesman and Strunk testified that appellant grabbed Wiesman and shoved him into a creek. Wiesman received scratches to his body from barbed wire submerged in the creek. In addition, there was uncontroverted evidence that appellant threw raw bacon at Wiesman which struck him in the face.
However, appellant argues that he had a "privilege" to use reasonable force to eject a trespasser from his property. A property owner has the right to use reasonable force to eject a trespasser who fails to depart from the property after receiving notice or warning. State v. Childers (1938), 133 Ohio St. 508,516; State v. Bolser (Dec. 14, 1992), Butler App. No. CA92-05-075, unreported. This right to use reasonable force to eject a trespasser is a defense to assault. See Williams v. Pressman
(App. 1953) 470 Ohio Law Abs. 470, 472. Yet, what constitutes "reasonable" force is a question for the trier of fact. SeeAllison v. Fiscus (1951), 156 Ohio St. 120, 129; Childers at 515. We are convinced the record provides enough evidence for the trier of fact to conclude appellant's use of force in this case was not reasonable. In addition, the trier of fact could have concluded appellant's use of force was not even applied for the specific purpose of ejecting the trespassers.
Based upon the foregoing and a thorough review of the record, we find that the trier of fact neither lost its way nor created a manifest miscarriage of justice by finding appellant guilty of assault. Therefore, appellant's conviction is not against the manifest weight of the evidence.
Appellant also argues that there is insufficient evidence to support his conviction for assault. Specifically, he asserts the state failed to prove that he knowingly caused an injury to Wiesman.
Sufficiency of evidence tests whether, as a matter of law, there is adequate evidence to support a conviction. Thompkins,78 Ohio St. 3d at 386. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 259-60, paragraph two of the syllabus. The test for sufficiency is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
A conviction for assault requires knowingly causing or attempting to cause harm to another. R.C. 2903.13(A). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Moreover, a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts. State v. Johnson (1978),56 Ohio St.2d 35, 39.
The state presented evidence indicating that appellant caused harm to Wiesman when appellant grabbed him and pushed him into the creek. Moreover, it was undisputed that appellant threw raw bacon at Wiesman and hit him. From this evidence, a rational trier of fact could find the essential elements of assault proven beyond a reasonable doubt.
Accordingly, we find that there was sufficient evidence to support appellant's conviction, and his conviction was not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, JJ., concur.